IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JANE DOE AND JOHN DOE, | § | |
| INDIVIDUALLY, AND AS NEXT | § | |
| FRIENDS OF JANE DOE 1, A MINOR | § | |
| | § | |
| | § | |
| | § | |
| v. | § | C. A. NO. _____ |
| | § | Jury Trial |
| BEAUMONT INDEPENDENT SCHOOL | § | |
| DISTRICT;   AND BRANDON LOUIS | § | |
| CHILLOW, INDIVIDUALLY AND | § | |
| AS AN EMPLOYEE OF BEAUMONT | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW JANE DOE AND JOHN DOE, INDIVIDUALLY, AND AS

NEXT FRIENDS OF JANE DOE 1, A MINOR, and file this their Original

Complaint against BEAUMONT INDEPENDENT SCHOOL DISTRICT and

BRANDON LOUIS CHILLOW, INDIVIDUALLY AND AS AN EMPLOYEE OF

BEAUMONT INDEPENDENT SCHOOL DISTRICT, and shows the Court as

follows:

### I.

### Introduction & Request for Use of Pseudonyms

1.1    This is an action arising from sexual harassment and abuse suffered on the

Minor Plaintiff (JANE DOE 1) in violation of the Minor Plaintiff's (i) Constitutional

substantive due process and equal protection rights, (ii) statutory rights provided by

20 U.S.C. § 1681 (a) ("Title IX"), and (iii) rights protected by the common law of the

State of Texas.    Plaintiffs bring this lawsuit against those responsible for the sexual

harassment and abuse.   Plaintiffs bring substantive due process and equal protection claims against Defendants Beaumont Independent School District and former teacher, Brandon Louis Chillow.   Defendant Chillow is sued for these claims in his individual and official capacities. Plaintiffs assert claims pursuant to Title IX against Defendant BISD only.   Plaintiffs also assert pendent state common law claims.   Plaintiffs seek to recover a money judgment against Defendants for damages damages Defendants inflicted on the Minor Plaintiff in violation of the Minor Plaintiff's federal civil rights.

### a.   Request for Use of Pseudonyms/Anonymity

1.2   Because this lawsuit involves sexual abuse toward the Minor Plaintiff and evidence of sexual abuse of other Minors, Plaintiffs request the Court permit Plaintiffs to proceed anonymously to help protect the privacy, dignity and well-being of the Minor Plaintiff and witnesses.   *See FRCP* 5 (a)(3);   *Doe v. El Paso County Hosp. Dist.,* No. EP-13-CV-00406, 2015 LEXIS 46081 (W.D. Tex. April 1, 2015) (Examples of situations warranting anonymous actions, include (i) challenging governmental activity, (ii) disclosure of intimate, personal information, (iii) lawsuits involving particularly vulnerable parties or witnesses – including but not limited victims of assault, and (iv) protecting against risk of mental harm) *Id.,* at *5 – 10.

## II.

## Parties

2.1   JANE DOE and JOHN DOE, INDIVIDUALLY, AND AS NEXT FRIENDS OF MINOR, JANE DOE 1, are individuals residing in Natchitoches Parish, Louisiana.

2.2    Defendant BRANDON LOUIS CHILLOW, is currently incarcerated in Jefferson County, Texas awaiting additional sentencing and transfer to a state penitiary. (hereinafter "Defendant CHILLOW").  At all times material to this suit, Defendant CHILLOW was employed as an educator by Defendant BEAUMONT INDEPENDENT SCHOOL DISTRICT.  The acts complained of arise from the conduct of Defendant CHILLOW, while acting under the color of state law, and were committed within the scope of his employment with Defendant BEAUMONT INDEPENDENT SCHOOL DISTRICT.  Defendant CHILLOW is sued in his individual capacity and official capacity, and can be served with process at the Jefferson County Correctional Facility, 5030 Highway 69 South, Beaumont, Texas 77705

2.3    Defendant BEAUMONT INDEPENDENT SCHOOL DISTRICT (hereinafter "BEAUMONT ISD" OR "BISD"), is a political subdivision and/or municipality of Jefferson County, Texas.   Defendant BEAUMONT ISD is responsible for the policies, practices, and customs of its school district, as well as the hiring, training, supervision, control and discipline of its teachers, principals, assistant principals and staff.  Defendant BEAUMONT ISD, is and was the employer of the school personnel named herein as individual defendant(s).  BEAUMONT ISD can be served with process by serving the Superintendent, Dr. Shannon Allen, Superintendent of Schools, Administration Building, 3395 Harrison Avenue, Beaumont, Texas 77706.

III.

### Jurisdiction and Venue

3.1     Pursuant to 28 U.S.C. §§ 1331, 1343 (3) the court has original, federal question jurisdiction over constitutionally based claims for which redress is provided by 42 U.S.C. § 1983, and Plaintiffs' Title IX claims   The Court has supplemental jurisdiction over the state law claims in this suit pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the federal claims in that all of such federal and state claims form part of the same case or controversy under article III of the United States Constitution.

3.2     The acts giving rise to this lawsuit occurred in Jefferson County, Texas.

3.3     Included below is a Request for Jury Trial under FRCP 38.

IV.

### Background

4.1     When it is alleged in this complaint that Defendant BEAUMONT ISD committed any act and/or omission, it is meant that Defendant BEAUMONT ISD and/or its board, trustees, officers, superintendent(s), principles, agents, teachers, employees, or representatives committed such act and/or omission under color of state law, and that at the time, it was done with full authorization and/or ratification of Defendant BEAUMONT ISD or done in the normal, customary practice and routine course and scope of employment of Defendant BEAUMONT ISD.

4.2     During April and May 2019, Defendant Chillow, while working as a teacher for BISD at Vincent Middle School, engaged in predatory sexually abusive acts that

included grooming and soliciting students to engage in sexual acts with the intent to sexually assault said students, among whom included in the Minor Plaintiff, JANE DOE 1. Additionally, Defendant Chillow sexually assaulted the Minor Plaintiff, JANE DOE 1. During this time period, the Minor Plaintiff JANE DOE 1 was age 15. Without limitation, the sexually abusive acts toward the Minor Plaintiff included the following:

- On or about April 26, 2019, and May 3, 2019, Defendant Chillow sexually assaulted JANE DOE 1. Thereafter, Defendant was indicted on criminal charges for sexual assault (child) and improper relationship between educator and student.

4.3    The above acts of sexual assault are not exhaustive examples of Defendant Chillow's sexual abuse of JANE DOE 1. Defendant Chillow's acts of sexual abuse toward JANE DOE 1 were done while he was acting under color of state law as a teacher/educator for Defendant BISD at Vincent Middle School. While acting under color of state law, Defendant Chillow engaged in other acts of sexual abuse of at least one other Minor student at Vincent Middle School, which abuse is made the subject of a separately filed lawsuit, "C.A. No. 1:21-cv-00132, *Jane Doe, Individually, and as Next Friend of Minor Jane Doe 1 v. Beaumont Independent School District and Brandon Louis Chillow*, U.S. District Court, Eastern District of Texas" and which abuse included online solicitation of a minor whom he intended to sexually assault.

4.4    Prior to the above events, in early April 2019, the Principal and Assistant

Principal of Vincent Middle School were aware Defendant Chillow was allowing JANE DOE 1 and at least one other Minor victim of Defendant Chillow's, to skip their assigned class/teacher and instead be in Defendant Chillow's classroom. The Principal and Assistant Principal of Vincent Middle School were aware that Defendant Chillow allowed JANE DOE 1, and at least one other Minor victim of Defendant Chillow's, to Vape on campus. Rather than investigate, recognize and stop Defendant Chillow's inappropriate grooming of Minor students, the Principal and Assistant Principal suspended JANE DOE 1. With deliberate indifference to Chillow's history and immediate grooming of JANE DOE 1, BISD allowed Defendant Chillow to continue with the grooming and sexual abusive acts toward JANE DOE 1 and one or more other Minor students, from his educator position with BISD, up until his conduct was discovered by the parent of one of his Minor victims.

4.5    Prior to Defendant Chillow's abuse of the Minor Plaintiff, Defendant Chillow had been working as a teacher at the Vincent Middle School campus for over one year. However, as discussed below, he had been working for BISD at other campuses during prior years.

### A.    BISD Assigned/Hired Defendant Chillow to Teach at Vincent Middle School Knowing His History of Sexually Inappropriate Conduct

4.6    Upon information and belief, Defendant Chillow – while employed as a teacher with BISD -- engaged in sexually inappropriate conduct with other Minor students prior to the sexual abuse suffered upon JANE DOE 1, including but not limited to student(s) at Paul Brown Learning Center. According to current and/or former

employees of BISD, prior to the sexual abuse of JANE DOE 1, Chillow's history of sexually inappropriate conduct toward students was "reported to and known by" multiple BISD employees (including Principals and/or Assistant Principals, and/or other employees of Paul Brown and the district with the authority and responsibility to stop the abuse, terminate Chillow, and report him to the authorities) prior to the sexual abuse Chillow suffered to JANE DOE 1.   That said, rather than follow a zero tolerance policy and terminate Chillow when the prior conduct occurred at Paul Brown and report him to the authorities, BISD continued to employ Chillow as a teacher placing him in the presence of children at other campuses, including Vincent Middle School where he sexually abused JANE DOE 1 and at least one other Minor student referenced above.

4.7     In addition to prior acts of sexually inappropriate conduct with Minor students, court records show that on or about February 8, 2005, Chillow was criminally charged with the crime of making alcohol available to minors.   *See Cause No. 248,802, In the County Court at Law, Jefferson County, Texas.*

> **B.     BISD's Practice of Disregarding Risks of Sexually Inappropriate Conduct**

4.8     The sexually inappropriate acts suffered on the Minor Plaintiff were the result of a policy, custom, and/or practice of BISD, *and* a deliberate indifference to prior sexually inappropriate conduct of Chillow.   That is, prior to the abuse suffered by the Minor Plaintiff, BISD adhered to a set of customs and/or practices that included: (i) overlooking or discounting complaints and information indicating inappropriate

sexual behavior from teachers toward students, (ii) misclassifying complaints of sexually inappropriate conduct, (iii) hiring, maintaining and/or assigning teachers/employees in disregard for information indicating prior inappropriate sexual behavior toward students, (iv) not conducting sufficient investigations and following up on signs of inappropriate sexually based behavior between teachers and students, (v) not documenting information and complaints indicating inappropriate sexually based behavior by teachers/employees so as to make it available to all campuses, and (vi) maintaining a tolerance for sexually inappropriate behavior between teachers and students, and (vii) failing to discipline and remove employees, like Chillow, who engage in sexually inappropriate conduct toward students.   These customs and practices lead to Defendant Chillow's sexually inappropriate abuse of JANE DOE 1 and at least one other student at Vincent Middle School, each of whom Defendant Chillow has been criminally convicted of harming for sexually based crimes and sentenced to prison.

4.9   Another example of a victim of one or more of the above customs and/or practices was Whitney Guillory.   In 2007, Whitney Guillory filed a similar lawsuit, styled C.A. #2:07-cv-027, *Whitney Guillory v. Beaumont Independent School District, Carroll Thomas, and Ferguson Parker, Jr.,* in the Eastern District of Texas.   The Guillory lawsuit alleged that Ferguson Parker (the Band Director of Ozen High School) engaged in alleged sexual abuse of Ms. Guillory while she attended Ozen. Parker's alleged abuse of Whitney Guillory occurred after BISD had been made aware of three (3) prior complaints against Parker for sexual abuse of three other students

at King Middle School and Ozen High School, for which Parker was indicted and subsequently acquitted.    The trial court (Judge Heartfield) made findings that Thomas and BISD's Board of Trustees had knowledge that Parker had sexually abused three BISD students and voted to reinstate Parker after he was successful in his criminal prosecutions.[1]   These actions on the part of the Board and Thomas were in adherence to one or more of the above stated customs/practices, and were in deliberate indifference to the existence of sexually inappropriate conduct in schools.

5.0    Other reported instances of BISD's adherence to the above customs and practices and deliberate indifference to complaints and information leading to sexually inappropriate conduct of teachers and employees was detailed in the First Amended Complaint filed in the Guillory case.   *See Exhibit A – First Amended Complaint.*   According to a news article of October 28, 2010, the BISD Board approved a settlement of the Guillory case.   *Exhibit B – News Article.*

5.1    Unfortunately, upon information and belief, it was long before Chillow sexually abused JANE DOE 1, that BISD received reports and was aware of facts indicating that Chillow had engaged in sexually inappropriate conduct with one or more students while he was working as a substitute teacher for BISD at Paul Brown Learning Center.    Upon information and belief, this inappropriate conduct was reported to the Principal and/or Assistant Principal.    However, rather than

---

[1] Referring to the criminal trial, the trial court made the express finding, that "While the trial judge ultimately concluded that Parker was not guilty beyond a reasonable doubt, the allegations against Parker were deserving of careful scrutiny by BISD's Board of Trustees. *See C.A. No. 9:07-cv-00163*, Dkt 106, Pg. ID 1015

investigate and terminate Chillow's employment and report him to the authorities as required by Texas law, BISD, following the above customs and practices, continued to employ Chillow at other campuses, until after he repeated the same or similar sexual abuse against JANE DOE 1 and one or more other students at Vincent.

5.2    It was adherence to the above customs and practices and deliberate indifference that lead the Assistant Principal and Principal of Vincent (acting under color of state law) to overlook, tolerate, and not investigate Defendant Chillow's inappropriate grooming behavior toward JANE DOE 1 and one or more other Minors at Vincent, prior to the sexual abuse inflicted on JANE DOE 1 – including but not limited to Chillow's allowing said minor students to skip their assigned class, attend his class, and vape on campus.   These facts, coupled with or without knowledge of reports of prior inappropriate conduct by Chillow, indicate inappropriate behavior which should have been stopped by the principals at Vincent.   That said, upon information and belief, the reports and complaints of Chillow's past acts of sexually inappropriate behavior were publicly known among current and former employees of BISD and should have prevented Chillow from ever being employed at Vincent, but for adherence to one or more of the above policies, practices and customs.

5.3    Plaintiffs allege that Defendant Chillow and the Principals, Assistant Principals, Superintendents, Board of Trustees, and Administrative employees, in committing the above acts and/or omissions, were the agents and employees of Defendant BEAUMONT ISD and were acting within such agency and employment,

and acting under the color of state law.   Each of Defendants' acts complained herein amount to unlawful conduct.   Furthermore, Defendant CHILLOW's acts toward JANE DOE 1 were performed maliciously and intentionally, for the sexual gratification of Defendant CHILLOW.

5.4   Upon information and belief, some of Defendant Chillow's sexually inappropriate conduct toward JANE DOE 1 occurred at Vincent Middle School.

5.5   At all pertinent times, Defendant BISD authorized and/or ratified the policies, practices, customs outlined above, which lead to Defendant CHILLOW's sexual abuse of JANE DOE 1.

## V.
## Claims for Relief

6.0   All facts, matters, claims, and allegations set forth in the above paragraphs, or in any exhibit attached hereto, are incorporated into each of the below Claims for Relief for all purposes and without repeated recitation.   All claims and matters are plead in the alternative so as to avoid waiver.

6.1   As a direct and proximate result of the said acts of Defendants, JANE DOE 1, has suffered the following injuries and damages:

    a.   Violation of her constitutional rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the united States Constitution to be free from state-sponsored deprivation of liberty without due process of law, and enjoyment of equal protection under the law; and

    b.   Pain and suffering and emotional trauma and suffering.

6.2    The actions of Defendants violated the clearly established and well settled federal constitutional rights of Plaintiff.

A.    42 U.S.C. § 1983 – Constitutional Violations

6.3    Under the Fourteenth Amendment, the Minor Plaintiff had the right, as a public school student, to personal security and bodily integrity and Equal Protection of Laws.   The Civil Rights Act of 1871, now codified as 42 U.S.C. § 1983 as federal law provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the district of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

It is clearly established that, "schoolchildren do have a liberty interest in their bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment and that physical sexual abuse by a school employee violates that right." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 445 (5th Cir. 1994) (en banc).    42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity by the Constitution or law of the United States.   As such, Plaintiffs allege that Defendants, jointly and severally deprived Plaintiff JANE DOE 1 of her above stated constitutional rights, privileges and immunities applied to the states through the Fourteenth Amendment.   The above facts demonstrate that Defendants violated these Constitutional rights, with respect to Plaintiff, JANE DOE 1.

6.4    With respect to Defendant Chillow, Defendant Chillow engaged in sexually

abusive conduct of JANE DOE 1, during and through his employment with BISD, which caused the Minor Plaintiff to suffer a deprivation of those rights guaranteed by the Constitution, set forth above, including the substantive due process component and equal protection rights applied by the Fourteenth Amendment.

6.5   With respect to BISD, said Defendant's actions and/or omissions were "objectively unreasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation.   Pursuant to 42 U.S.C. §1983, BISD officials, who were policy makers for BISD, while acting with deliberate indifference under color of state law, deprived Plaintiff JANE DOE 1 of the rights, privileges, and immunities secured by the Constitution and laws of the United States set forth above – ie., due process clause and equal protection clause of the 14th Amendment.   Such rights were violated when said officials, while acting with deliberate indifference towards their incumbent duties, failed to fashion properly or to execute faithfully adequate policies to recognize, investigate, record, stop, prevent and report sexually inappropriate behavior by educators, and instead allowed the development and adherence to customs and/or practices the lead to injuries suffered to JANE DOE 1, and which included the following:

(1) overlooking or discounting complaints and information indicating inappropriate sexual behavior from teachers toward students, and/or

(2) not documenting and/or misclassifying complaints of sexually inappropriate conduct,

(3) hiring, maintaining and/or assigning educators in disregard for information

indicating prior inappropriate sexual behavior toward students,

(4) not conducting sufficient investigations and following up on signs of inappropriate sexually based behavior between teachers and students,

(5) maintaining a tolerance for sexually inappropriate behavior between teachers and students, and

(6) failing to discipline and remove those employees/educators, such as Defendant Chillow, who engage in sexually inappropriate conduct with students.

The above mentioned customs and policies, independently or in unity, as implemented and sanctioned by BISD, its teachers, principals, compliance officers, and Board of Trustees, were a motivating force behind the violations of Plaintiffs' constitutional rights to personal security and bodily integrity and Equal Protection of Laws.    Said officials failed to maintain enforcement of sufficient policies to govern the hiring, training, supervision, and discipline of educators relative to protecting students from the risk of sexual abuse.

6.6    Those who were vested with or delegated policymaking authority, committed one or more of the particular acts and/or omissions, which lead the sexual abuse suffered by Jane Doe 1:

      a.     Failing to implement and enforce a Zero Tolerance Policy for sexually inappropriate conduct between educators and students.

      b.     Failing to train and supervise its teachers and/or staff adequately concerning their interaction with students and signs of sexually inappropriate behavior by educators;

      c.     Failing to train school officials regarding the proper manner in

which to investigate and report information concerning sexually inappropriate behavior by educators;

d.    Failing to adequately supervise the individual Defendant CHILLOW;

e.    Failing to discipline adequately the individual Defendant CHILLOW for his prior acts of sexually inappropriate behavior with students;

f.    Responding with deliberate indifference to substantial, credible evidence of educator sexual misconduct arising to the level of crime;

g.    Responding with deliberate indifference to substantial, credible evidence of educator misconduct arising to the level of crime and failing to follow the procedures prescribed by law to deal with such misconduct; and

h.    Failing to establish adequate procedures for reviewing educators, in general, and complaints involving allegations of sexually inappropriate behavior by educators.

B.    Title IX

6.7    The facts set out above give rise to an implied cause of action for damages and declaratory relief under Title IX of the Education Amendments of 1972, 20 U.S.C. Sec. 1681, et seq.   Plaintiffs sue only BISD for violations of Title IX.

6.8    Title IX of the Education Amendments of 1972 prohibits discrimination and harassment on the basis of sex in all federally-funded educational programs. 20 U.S.C. § 1681(a). Specifically, it provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

*Id.*   When Congress first passed Title IX more than forty years ago, it had two related

objectives: first, Congress wanted to prevent federal funds from being used to support discriminatory practices; second, it wanted to provide individuals "effective protection against those practices." Title IX is enforceable through an individual's private right of action and allows for the recovery of damages. The above described abuse of the Minor Plaintiff was a form of sex discrimination because the harassment was based on sex and was so severe, pervasive, and objectively offensive that it deprived the Minor Plaintiff of educational opportunities or benefits provided by the school.

6.9    The Minor Plaintiff, (1) was a member of a protected class, (2) was subjected to sexual harassment in the form of a sexual assault by their teacher, (3) was subjected to harassment based on their sex, and (4) was subjected to a hostile educational environment created by Defendant BISD's (i) customs and practice outlined above, and (ii) failures to properly investigate, discipline, stop, and/or otherwise address and prevent the sexually inappropriate conduct abuse from Defendant Chillow.

7.0    BISD, through its officials, principals, assistant principals, administrators, Board of Trustees, and compliance officers was deliberately indifferent to Defendant Chillow's history and acts of harassment/abuse of which it had actual knowledge. BISD was likewise aware of the custom and practice of tolerance for sexually inappropriate conduct by educators toward students.

7.1    Based on the above facts, Plaintiffs allege a "heightened risk claim:" that prior to the report of sexual abuse of JANE DOE 1, BISD's actual notice of Chillow's history

of sexually inappropriate behavior with students and the threat posed by Chillow and deliberate indifference to same—constituted actionable discrimination that substantially increased the JANE DOE 1's risk of being sexually abused by Chillow. Additionally, at the time of Chillow's abuse of JANE DOE 1, the Principal/Assistant Principal, and staff at Vincent were aware of Chillow's acts of sexual grooming of JANE DOE 1, and at least one other Minor student Vincent, but were deliberately indifferent to same.

7.2     Institutions may be held liable in damages under Title IX "where they are deliberately indifferent to sexual harassment, of which they have actual knowledge that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." BISD's deliberate indifference response to the harassment—or lack thereof—was clearly unreasonable in light of the known circumstances.

7.3     BISD was deliberately indifferent to sexual harassment—of which it had actual knowledge—that was so severe, pervasive, and objectively offensive that it could be said to deprive the Minor Plaintiff of access to the educational opportunities or benefits provided by the school.   BISD's failure to address and active concealment of sexually inappropriate conduct committed by Chillow was a form of discrimination. BISD's knowledge of the need to supervise educators and follow a zero tolerance policy of sexually in appropriate conduct toward students, and specifically acts by Defendant Chillow, constitutes deliberate indifference. Finally, BISD's deliberate indifference created an environment in which Defendant Chillow could sexually

abuse other Minor students, including Plaintiff. That vulnerability—or heightened risk—constitutes harassment under Title IX.

### C.    Assault and Battery

7.4    Plaintiffs allege that Defendant Chillow committed an assault and battery upon the Minor Plaintiff.   Said conduct of Defendant Chillow was committed intentionally, knowingly and/or recklessly and was the proximate cause the personal injuries and emotional injuries to the Minor Plaintiff.   Said injuries were the direct and immediate consequences of Defendant Chillow's wrongful acts, and a natural and direct result of the assault and battery.

7.5    Defendant Chillow committed an assault and battery upon the Minor Plaintiff by intentionally and/or knowingly causing physical sexual contact with the Minor Plaintiff.   Defendant Chillow know or should have believed that the Minor Plaintiff would regard the contact as offensive, and/or provocative.   Defendant Chillow knew or should have known that the acts, as previously described, were provocative, harmful, and/or offensive to Plaintiffs. Said acts of Defendant Chillow were committed intentionally, knowingly, and/or recklessly, and they were the proximate cause of bodily and emotional injuries to the Minor Plaintiff. Furthermore, said injuries were the direct and immediate consequences of Defendant Chillow's wrongful acts and a natural and direct result of the sexual conduct.

7.6    At no time was Defendant Chillow privileged to take the action described herein as necessary.   Moreover, Defendant Chillow's assault and battery of the

Minor Plaintiff was not objectively reasonable.

### D.  Intentional Infliction of Emotional Distress

7.7    Plaintiffs assert that the acts and/or omissions of Defendant Chillow render him liable for intentional infliction of emotional distress.

7.8    In the sexual abuse of Plaintiff JANE DOE 1, Defendant CHILLOW acted intentionally and/or recklessly, and his conduct was so outrageous in character and extreme in degree that it went beyond all possible bounds of decency.   Defendant CHILLOW's actions constituted outrageous conduct because he knowingly abused his position of authority as a teacher and knew that the Minor Plaintiff was particularly vulnerable to emotional distress because she was 15years old at the time.   Such conduct by the Defendant CHILLOW proximately caused the Minor Plaintiff's physical injury, emotional distress, embarrassment, fright, horror, grief, shame, humiliation, and worry.

## VI.

### Damages

8.0    Plaintiffs pray for a Judgment awarding Plaintiffs all compensatory damages which include but are not limited to, the following: costs of medical care in the past and future, damages for physical pain and mental anguish in the past and future; pain and suffering in the past and future; and severe emotional and mental distress in the past and future.

8.1    Pursuant to 42 U.S.C. § 1988, a prevailing party in a § 1983 case is entitled to recover its attorney's fees and expert fees.   Hence, Plaintiffs further pray for a

judgment awarding Plaintiffs all costs, attorney fees, and expert fees associated with bringing the present case to trial.

8.2    In addition, Plaintiffs pray for punitive damages.   Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing.   Punitive damages may be assessed under §1983 when the Defendants' conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. As such, Plaintiffs are entitled to punitive damages from Defendants.

8.3    Plaintiffs seek a declaratory judgment that Defendant BISD has been acting in violation of Title IX's prohibition against discrimination, including sexual abuse, and that Defendants violated the Minor Plaintiff's constitutional rights.

8.4    Plaintiffs assert that all conditions precedent to filing suit have occurred.

## VII.

## DEMAND FOR JURY TRIAL

Pursuant to FRCP 38, Plaintiffs demand a trial by jury on all claims and matters at issue in this lawsuit.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial upon the merits, Plaintiffs recover compensatory damages against Defendants, jointly and severally; that Plaintiffs also recover punitive damages against each Defendant in an amount to punish and/or deter similar future conduct; and that Plaintiffs recover against each Defendant all reasonable and necessary court costs,

attorney's fees, and expert fees in regards to this suit.   Further, Plaintiffs pray for all declaratory relief requested above.   Plaintiffs pray to recover pre-judgment and post-judgment interest at the highest rate allowed by law that can be assessed against Defendants in the event of recovery, and Plaintiffs pray for any and all further relief, to which they may show themselves to be entitled.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
Post Office Box 26005
Beaumont, Texas 77720-6005
Telephone:   (409) 838-1000
Telecopier:   (409) 833-8236

By:   _/s/ Mark Frasher_____
    Mark Frasher
    State Bar No. 00798187
    mfrasher@rmqlawfirm.com
    **Attorney for Plaintiff**

# EXHIBIT "A"

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 23 of 41 PageID #: 23
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 2 of 16 PageID #: 23
Case 2:07-cv-00169-TJW   Document 9   Filed 02/22/07   Page 7 of 15 PageID #: 70

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHITNEY GUILLORY | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL NO. 2:07cv027 |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT | § | JURY DEMANDED |
| and | § | |
| CARROL THOMAS, Superintendent | § | JUDGE WARD |
| and | § | |
| FERGUSON PARKER, JR., | § | |
| Former Band Director | § | |
| | § | |
| Defendants | § | |

## AMENDED COMPLAINT

Comes now Plaintiff Whitney Guillory who for her Complaint states as follows:

I

## Preliminary Statement

1. Plaintiff Whitney Guillory, a young woman who, as a young high school student, was sexually abused over a period of almost two years by her high school Band Director in violation of her Constitutional substantive due process and equal protection rights, statutory rights provided by 20 U.S.C. § 1681 (a) ("Title IX"), and rights protected by the common law of the State of Texas, brings this lawsuit against those responsible for the sexual abuse. Plaintiff Whitney Guillory brings substantive due process and equal protection claims against Defendants Beaumont Independent School District ("BISD"), its Superintendent Carrol Thomas, and its (now

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 24 of 41 PageID #:  24
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 3 of 16 PageID #:  24
Case 9:07-cv-00169-TH   Document 1   Filed 02/22/02   Page 3 of 15 PageID #: 71

former) Band Director Ferguson Parker, Jr.. Thomas and Parker are sued for these claims in their individual and official capacities. Plaintiff asserts claims pursuant to Title IX against Defendant BISD only. Plaintiff also asserts pendent state common law assault claims against Defendant Ferguson Parker, Jr., and against Defendant Superintendent Carroll Thomas for his assisting and participating in the assaults by Parker, in their individual capacities.

2.    Plaintiff brings her constitutional claims

for violations of her substantive due process and equal protection rights pursuant to 42 U.S.C. § 1983, her Title IX claims are brought pursuant to a judicially recognized implied cause of action, and her assault claims are brought pursuant to the state common law of the State of Texas.

3.    Plaintiff Whitney Guillory seeks to vindicate her rights along with declaratory relief and compensatory and punitive damages together with a reasonable attorney fee as authorized by 42 U.S.C. §1988.

## II

### Jurisdiction

4.    Jurisdiction over Plaintiff's claims for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1343(3). Federal question jurisdiction over Plaintiff's Title IX claims is also conferred on this Court by 28 U.S.C. §1331 because

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 25 of 41 PageID #: 25
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 4 of 16 PageID #: 25
Case 2:07-cv-00132-MJT   Document 1   Filed 03/30/21   Page 7 of 15 PageID #: 72

this action arises under the Constitution and laws of the United States.

5.   Plaintiff's state law claims are asserted under this Court's pendent jurisdiction as expanded by 28 U.S.C. §1367.

III

**Parties**

**Plaintiff**

6.   Plaintiff Whitney Guillory is and was at all times relevant hereto a citizen of the United States and a resident of Jefferson County, Texas.   She was born January 27, 1987.

**Defendants**

7.   Defendant BISD is located within the boundaries of the Eastern District of Texas.   It is Defendant BISD's responsibility and duty to promulgate and implement rules and regulations preventing school employees from sexually abusing students.   It is also Defendant BISD's responsibility and duty to hire, fire, discipline, train and supervise its employees.     It  is  also  Defendant  BISD's responsibility and duty not to act with deliberate indifference to the right of Plaintiff Guillory to not be sexually abused by Defendant BISD's employees.   It is Defendant BISD's responsibility and duty not to hire, reinstate or retain band directors with a known propensity for sexually abusing school children. Finally, as a recipient of federal financial assistance, Defendant BISD is obligated to protect its students from sex discrimination,

3

Case 1:21-cv-00190-MJT Document 1 Filed 04/22/21 Page 26 of 41 PageID #: 26
Case 1:21-cv-00132-MJT Document 1-2 Filed 03/30/21 Page 5 of 16 PageID #: 26
Case 9:07-cv-00165-TJW Document 1 Filed 09/26/07 Page 7 of 15 PageID #: 73

including sexual abuse and harassment. Defendant BISD can be served through its Board of Directors' President, Martha Hicks, at 3395 Harrison Ave. in Beaumont, Texas.

8. Defendant Carrol Thomas is the Superintendent for Defendant BISD and had the authority to address the sex abuse/harassment/sex discrimination complained of herein. It is Defendant Thomas' responsibility and duty to promulgate and implement rules and regulations preventing school employees from sexually abusing students. It is also Defendant Thomas' responsibility and duty to hire, fire, discipline, train and supervise Defendant BISD's employees, including Defendant Parker. It is also Defendant Thomas' responsibility and duty not to act with deliberate indifference to the right of Plaintiff Guillory not to be sexually abused by Defendant BISD's employees. Finally, it is Defendant Thomas' responsibility and duty not to hire, retain or reinstate band directors with a known propensity for sexually abusing school children. Defendant Thomas also has an obligation to not assist and participate in Defendant Parker's assaults on others, including Plaintiff Whitney Guillory. Defendant Thomas can be served at his place of business, 3395 Harrison Ave. in Beaumont, Texas.

9. Defendant Ferguson Parker, Jr. was a high school Band Director, a position equivalent to that of teacher, employed by Defendant BISD. It was his responsibility and duty to comply with the rules and regulations promulgated by Defendant BISD and to

4

Case 1:21-cv-00190-MJT  Document 1  Filed 04/22/21  Page 27 of 41 PageID #: 27
Case 1:21-cv-00132-MJT  Document 1-2  Filed 03/30/21  Page 6 of 16 PageID #: 27
Case 9:07-cv-00166-TH  Document 1  Filed 02/22/02  Page 5 of 15 PageID #: 74

comply with minimum constitutional requirements, including the
constitutional requirement that he not sexually abuse school
children.  Defendant Parker also has an obligation to not assault
others, including Plaintiff Whitney Guillory.  Defendant Parker is
being represented in other matters, though not in this lawsuit, by
the Hawthorn & Hawthorn law firm in Beaumont, Texas, and he has
agreed to accept service by mail sent to him in care of the
Hawthorn firm, at 485 Milam at Park, Beaumont, Texas 77701.

IV

Facts

Background and Ongoing Sex Scandal at Defendant BISD

10.  Plaintiff Guillory first met Defendant Parker in 2001 when she
was a 14-year old freshman at Defendant BISD's Ozen High School.
Plaintiff played clarinet and Defendant Parker was the School Band
Director.

11.  Although Defendant Parker was at times referred to as a Band
Director or Interim Band Director among other titles, he was for
all practical purposes relevant to this lawsuit the equivalent of
a high school teacher at Defendant BISD's Ozen High School from the
time Plaintiff began as a freshman in 2001 until December, 2004,
her senior year.

12.  Another BISD Band Director has also been suspended from
teaching duties in order to face prosecution, having been charged
with rape in Louisiana.

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 28 of 41 PageID #:  28
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 7 of 16 PageID #:  28
Case 1:07-cv-00165-TH   Document 1   Filed 03/22/07   Page 7 of 15 PageID #: 75

13.  Defendant Parker is a sexual predator who preys on young students.  Defendant BISD hired Plaintiff Parker without conducting an adequate background check and employed him without adequately supervising his conduct toward school children.

14.  During Plaintiff's freshman year Defendant Parker was criminally charged for having exposed himself to a 13 year old student at Defendant BISD's King Middle School and for having sexual intercourse with 15 and 16 year old students at Defendant BISD's King Middle School and Ozen High School, respectively.

15.  Defendants BISD and Thomas were aware of these allegations, charges and indictment very shortly after Defendant Parker was charged and indicted, well before Defendant Parker began to sexually abuse Plaintiff Guillory.

16.  During Plaintiff Guillory's freshman year at Ozen High, it was obvious that Defendant Parker was already directing inordinate and inappropriate attention and favoritism to Plaintiff Guillory, such that others reported it to Defendants BISD and Superintendent Thomas (and to other authorities) along with the suspicion that Defendant Parker might already be having inappropriate relations with her.  In light of the other allegations and charges involving sexual abuse of students by Defendant Parker, these reports certainly put Defendants BISD and Thomas on actual notice that Defendant Parker posed a substantial risk and threat of sexual

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 29 of 41 PageID #:  29
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 8 of 16 PageID #:  29
Case 9:07-cv-00160-TH Document 1 Filed 04/22/02 Page 7 of 15 PageID #: 76

abuse to students in general and to Plaintiff Guillory in particular.

17. While Plaintiff was in high school, Defendants BISD and Thomas reportedly tolerated highly inappropriate sexual conduct by school staff. Published reports indicate that during 2001 an Ozen staff member (assistant coach and supervisor of in-school suspension) was part of a "sex club" in which he and some school football players performed sex acts on 9th and 10th grade girls at the high school in front of other club members. These activities were overlooked by Defendants BISD and Superintendent Thomas, contributing to the sexually charged atmosphere at Ozen High.

18. From 2001 through 2005 Defendants BISD and Superintendent Thomas reportedly were permitting a sex offender, convicted of aggravated sexual assault on a sixteen year old, to participate in football practices.

19. Also, Defendants BISD and Superintendent Thomas reportedly employed a football coach who had been arrested in 1979 for raping a 13 year old junior high student. Defendants BISD and Superintendent Thomas have recently transferred that coach to BISD's Smith Middle School.

20. Reportedly while Plaintiff attended Ozen High, one of Defendant BISD's approved substitute teachers had been sentenced to eight years for brutally raping a 16 year old girl.

Case 1:21-cv-00190-MJT  Document 1  Filed 04/22/21  Page 30 of 41 PageID #: 30
Case 1:21-cv-00132-MJT  Document 1-2  Filed 03/30/21  Page 9 of 16 PageID #: 30
Case 9:02-cv-00160-TH  Document 8  Filed 07/22/02  Page 9 of 15 PageID #: 77

21. In response to these events Defendants BISD and Superintendent
Thomas took either no action at all or actions so empty and slight
as to reflect their deliberate indifference to the rights of school
children, including Plaintiff.  These Defendants did not take
action reasonably and obviously necessary to stop and prevent the
sexual abuse of Plaintiff and other Defendant BISD students.

22. Recent additional reported events suggest that Defendant
BISD's   employees   still   think   that   Defendants   BISD   and
Superintendent Thomas will tolerate sexually inappropriate behavior
at school.  For instance, several Defendant BISD coaches were
recently reported to have been watching a pornographic video at
school on school equipment.

23. Defendant BISD's board of trustees vice-president was recently
quoted being dismissive of the seriousness of sex scandals at
Defendant BISD, saying, "It happens at all school districts" and
indicating that sexually abusive employees will not be removed
until they "get out of hand."

24. Since the time Plaintiff Guillory attended Defendant BISD's
Ozen High School and well before she was sexually abused by
Defendant Parker, the contours of her substantive due process right
to be free from sexual abuse by school employees were clearly
established.  *See Doe v. Taylor ISD*, 15 F.3d 443, 455 (5th Cir.
1997)(*en banc*).

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 31 of 41 PageID #:  31
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 10 of 16 PageID #: 31
Case 9:07-cv-00160-TH Document 1-2   Filed 04/22/07  Page 9 of 15 PageID #: 78

**What Happened in this Case**

25.   While Defendant Parker was being criminally prosecuted for his
prior sexual abuse of BISD school children during the latter part
of Plaintiff Guillory's freshman year and earlier part of her
sophomore year (see ¶ 12, above), Defendant BISD did suspend his
employment.  During Plaintiff's sophomore year when the prosecutors
failed to prove Defendant Parker's guilt beyond a reasonable doubt,
Defendants BISD and Thomas reinstated Defendant Parker without any
restriction, safeguard, or adequate supervision of his contact with
Plaintiff Guillory and other students.

26.   Defendants BISD and Thomas' decision to reinstate Defendant
Parker under those circumstances was contrary to legal advice, any
notion of common sense, and constituted gross negligence and a
deliberate indifference to the rights of Plaintiff Guillory and
other Defendant BISD students.   This official decision not only
reflects a failure and refusal to take immediate, appropriate,
obvious and necessary action to remedy the situation, but
represents an affirmative action that made the sexual abuse by
Defendant Parker possible and more likely to occur.

27.   Defendant Thomas' actions and inactions in this regard were
not only a breach of his obligation to protect Plaintiff Guillory
from sexual abuse, but were also of substantial assistance to
Defendant Parker and a substantial factor in his sexual abuse of
Plaintiff Guillory.

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 32 of 41 PageID #:  32
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 11 of 16 PageID #: 32
Case 9:07-cv-00168-MJT   Document 1   Filed 02/22/02   Page 11 of 16 PageID #: 79

28. Regardless of the other allegations, charges and prosecutions against him, Defendant Parker continued to pay inordinate and inappropriate attention to Plaintiff Guillory. Being very young, inexperienced and naive, Plaintiff Guillory was flattered by the attention from the older, popular band director. Emboldened and empowered by his reinstatement, Defendant Parker abused his position with Defendant BISD to gain Plaintiff Guillory's trust and then began sexually abusing her later in her sophomore year at Ozen High School.

29. It was obvious to any school official who had as much sense as God gave a goose that Defendant Parker had an inappropriate relationship with Plaintiff Guillory and posed a significant threat to Plaintiff Guillory.

30. Under the figurative noses of Defendants BISD and Thomas, Defendant Parker was able to repeatedly and persistently sexually abuse Plaintiff during the latter part of her sophomore year until December of her senior year. During many  school days Defendant Parker was regularly able to mark Plaintiff present for attendance purposes when, in fact, he was sexually abusing her off-campus. He would then arrange for her to arrive late to other classes without the absence or lateness being documented by other teachers.

31. Defendant Parker's sexual abuse of Plaintiff Guillory constituted sexual assaults that caused, and/or continue to cause,

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 33 of 41 PageID #: 33
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 12 of 16 PageID #: 33
Case 9:07-cv-00166-TH   Document 1   Filed 02/22/07   Page 11 of 15 PageID #: 80

Plaintiff Guillory to suffer physical, emotional and/or mental harm and interfered with her education.

32.   Finally, at about 11:00 a.m. on December 16, 2004, when Defendant Parker and Plaintiff Guillory should have been at school during Plaintiff's senior year, Plaintiff's mother returned home to find Defendant Parker cowering partially undressed on the floor in Plaintiff's bedroom closet.  She called the police and the school to report the incident.

33.   After Defendant Parker was caught by Plaintiff's mother, Defendant Superintendent Thomas summoned Plaintiff and her parents to a meeting where Thomas tried to convince them to keep quiet and dissuade them from taking any action because, among other things, "the media will make a black man (Parker) look bad." Plaintiff's parents were infuriated by Defendant Superintendent Thomas' attitude and Plaintiff has pursued criminal, and this civil, prosecution.

34.   Defendant Parker has been charged with, and is being prosecuted for, three felony violations arising from his sexual abuse of Plaintiff.

35.   At all times relevant to this case, educators, including Defendants, have known that a student suffers extraordinary harm when she is subjected to sexual harassment and abuse by one of her educators, and that the educator's conduct is reprehensible and undermines the basic purposes of the educational system.

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 34 of 41 PageID #: 34
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 13 of 16 PageID #: 34
Case 9:07-cv-00166-TH   Document 9   Filed 04/22/07   Page 2 of 15 PageID #: 81

36.   Defendants BISD and Superintendent Thomas' actions and omissions described above represent customs and policies of tolerating sexual abuse of students by school personnel and of deliberate indifference to the constitutional rights of students to not be sexually abused by school personnel, which in turn, resulted in Defendant Parker's sexual abuse of Plaintiff.

37.   These actions, omissions, customs and policies were a proximate cause of Defendant Parker sexually abusing Plaintiff Guillory.

38.   All of the described acts and omissions of the individual defendants were wanton, malicious, and done in conscious disregard of and with deliberate indifference to the rights and needs of Plaintiff Whitney Guillory rendering appropriate the award of punitive damages.

**Miscellaneous**

39.   All defendants were acting under color of state law at all times relevant hereto.

**V**

**Causes of Action**

**Federal Causes of Action**

**First Cause of Action**

40.   The facts set out above amount to the deprivation of a liberty interests protected by the substantive due process component of the Fourteenth Amendment and equal protection rights also guaranteed by

12

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 35 of 41 PageID #:  35
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 14 of 16 PageID #:  35
Case 9:07-cv-00168-TH   Document 1   Filed 07/24/07   Page 13 of 15 PageID #:  82

the Fourteenth Amendment for which redress is provided by 42 U.S.C.
§1983.

41.  Defendants BISD, Superintendent Thomas and Parker are jointly
and severally liable for the damages resulting from the violations
of   Plaintiff's   constitutional   rights   under   well-established
theories of liability.

42.  Defendants Parker and Thomas' wrongful acts set out above were
willful, wanton, and intentional rendering appropriate the award of
punitive damages against Defendants Parker and Thomas, in their
individual capacities.

### Second Cause of Action

43.  The facts set out above give rise to an implied  cause of
action for damages and declaratory relief under Title IX of the
Education Amendments of 1972, 20 U.S.C. § 1681, et seq.

44.  Plaintiff sues only Defendant BISD for violations of Title IX.

### Third Cause of Action

45.  The facts set out above give rise to state law claims of
assault and battery against Defendant Parker and against Defendant
Thomas for his assisting and participating in the assaults.

46.  Defendants Parker and Thomas' wrongful acts set out above were
willful, wanton, and intentional rendering appropriate the award of
punitive damages against them in their individual capacities.

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 36 of 41 PageID #:  36
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 15 of 16 PageID #:  36
Case 1:07-cv-00190-TH   Document 1   Filed 03/30/07   Page 14 of 15 PageID #: 83

VI

### Jury Demand

47.  Plaintiff demands a trial by jury on all issues so triable.

VII

### Prayer for Relief

48.  WHEREFORE PLAINTIFF PRAYS that this Honorable Court:

   a.   Enter judgment in behalf of Plaintiff Whitney
        Guillory against Defendants Beaumont ISD, Thomas
        and Parker jointly and severally, for compensatory
        damages in an amount sufficient to compensate
        Plaintiff Whitney Guillory for her actual damages;

   b.   Enter judgment in behalf of Plaintiff Whitney
        Guillory against Defendants Thomas, and Parker,
        separately in their individual capacities, for
        punitive damages in an amount sufficient to punish
        Defendants Thomas and Parker for their misconduct
        in the case at bar an in an amount sufficient to
        deter Defendants Thomas and Parker and others from
        doing the same thing to someone else;

   c.   Enter a declaratory judgment in favor of Plaintiff
        Guillory and against Defendant BISD, declaring
        that Defendant BISD has been acting in violation
        of Title IX's prohibition against discrimination,
        including sexual abuse;

   d.   Enter declaratory relief in favor of Plaintiff
        Guillory and against all defendants, declaring
        that the defendants have violated Plaintiff
        Guillory's constitutional rights;

   e.   Grant Plaintiff a reasonable attorney fee against
        all defendants, jointly and severally, as
        authorized by 42 U.S.C. § 1988;

   f.   Grant Plaintiff a trial by jury on all issues so
        triable; and

Case 1:21-cv-00190-MJT   Document 1   Filed 04/22/21   Page 37 of 41 PageID #: 37
Case 1:21-cv-00132-MJT   Document 1-2   Filed 03/30/21   Page 16 of 16 PageID #: 37
Case 9:07-cv-00169-TH   Document 9   Filed 02/22/07   Page 15 of 15 PageID #: 84

g.   Grant Plaintiff any and all additional relief to
     which she may appear to be entitled including pre-
     judgment interest, post-judgment interest and
     their costs herein expended.

                         Respectfully submitted,

                         /S/ TIMOTHY B. GARRIGAN

                         _____
                         Timothy B. Garrigan
                         Attorney in Charge for Plaintiff
                         Bar Card No. 07703600

                         Stuckey, Garrigan & Castetter
                            Law Offices
                         2803 C North Street
                         P.O. Box 631902
                         Nacogdoches, Texas 75963-1902
                         936-560-6020   FAX: 936-560-9578
                         tim@sgclaw.org

                 CERTIFICATE OF SERVICE

     I hereby certify that I have served all parties of record in
this case including the following with a true and correct copy of
the foregoing Amended Complaint by sending same electronically
and/or via FAX/hand delivery/U. S. mail, postage prepaid:

     Melody G. Chappell   FAX 409-838-4713
     Wells, Payton, Greenberg & Hunt
     P.O. Box 3708
     Beaumont TX 77704

     Ferguson Parker, Jr.
     5750 Sunbird
     Beaumont TX 77708

on this the 16th day of February, 2007.

                         /S/ TIMOTHY B. GARRIGAN

                         _____
                         Timothy B. Garrigan

# EXHIBIT "B"

BEAUMONT ENTERPR

**NEWS**

# BISD agrees to settle sexual assa
$462,500

**AMY MOORE**

June 18, 2010 | Updated: Oct. 28, 2010 8:03 p.m.

In a closed executive session Friday night, Beaumont ISD trustees took 3
minutes to decide to approve a settlement agreement in a case brought
against the district by a former student.

Whitney Guillory filed suit against Beaumont ISD Superintendent Carrol
Thomas and former Ozen High School band director Ferguson Parker Jr
after she was sexually assaulted by Parker as a student.

Guillory filed the suit in 2007 alleging BISD, Thomas and Parker violated
rights to due process and equal protection.

In a five to one vote, school board members approved to settle the case for
$462,500.



District 6 trustee Tom Neild voted against the measure and district 5 trustee
William Nantz did not attend the meeting.

Chris Gilbert, attorney for the district, said the district did not feel that

setting the case was an admission of liability.

"The superintendent and district deny all allegations," Gilbert said after the vote.

Gilbert said the case had gone on for so long already, that he didn't see it ending soon. By settling the case, he said the district most likely saved money.

**Read the complete story in Saturday's print edition of the Beaumont Enterprise.**

Subscribe for home delivery.

Written By
**AMY MOORE**